## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | Criminal No. 2:14-cr-0213 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | Civil Action No. 20-cv-00377 |
| | ) | |
| LIONEL CANNON, | | |
| | | |
| Defendant. | | |

## OPINION

**Mark R. Hornak, Chief United States District Judge**

Mr. Lionel Cannon is currently serving a 156-month sentence for various drug distribution charges. Pending before the Court is Mr. Cannon's *pro se* Motion to Vacate, Set Aside, or Correct that sentence pursuant to 28 U.S.C. § 2255 asserting that he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. (ECF No. 1028.) Mr. Cannon's post-conviction counsel filed a Statement of Adoption of Mr. Cannon's *pro se* Motion addressing and clarifying those ineffective assistance of counsel arguments. (ECF No. 1047.) The United States has filed a Response in opposition to all grounds raised by Mr. Cannon and his post-conviction counsel. (ECF No. 1051.) By joint filing, counsel for the United States and counsel for Mr. Cannon notified the Court that neither party requests an evidentiary hearing to resolve the Defendant's Motion. (ECF No. 1069.) The matter is now ripe for disposition. For the reasons that follow, the Motion will be DENIED.

I.      Factual Background

In August 2014, a Magistrate Judge issued a criminal complaint charging Mr. Cannon with one count of conspiracy to possess with intent to distribute and distribute at least five (5) kilograms of cocaine. Agents arrested Mr. Cannon in August 2014, and Mr. Cannon made an initial appearance in the United States District Court for the Northern District of Ohio before being transferred to the Western District of Pennsylvania. In September 2014, a federal grand jury in the Western District of Pennsylvania returned a single count indictment at 14-cr-213 charging Mr. Cannon with conspiracy to possess with intent to distribute and distribute at least five (5) kilograms of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii) and in violation of 21 U.S.C. § 846. The grand jury later also charged Mr. Cannon and his codefendants at Count Two of a superseding indictment with conspiracy to possess with intent to distribute and distribute one hundred grams or more of a mixture and substance containing a detectable amount of heroin, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii) and in violation of 21 U.S.C. § 846.

In November 2014, a federal grand jury in the Northern District of Ohio returned a three-count indictment at 14-cr-407, charging Mr. Cannon at Count One with possession with intent to distribute approximately 136.63 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i); at Count Two with being a felon in possession of two (2) firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924; and at Count Three with interstate travel in aid of a racketeering enterprise, in violation of 18 U.S.C. § 1952(a)(3)[1]. Mr. Cannon's Ohio case was then transferred to the Western District of Pennsylvania for consolidation with 14-cr-213. A

---

[1] The charges in the Indictment at Criminal No. 14-407 resulted from a search of Mr. Cannon's apartment in the Northern District of Ohio and his travel between California and Ohio for the purpose of obtaining cocaine in furtherance of the drug trafficking conspiracy.

grand jury in the Western District of Pennsylvania superseded the indictment at 14-213 for a second time, adding two (2) additional codefendants at Count One and charging one (1) additional codefendant at Count Two of the second superseding indictment. The charges pending against Mr. Cannon remained unchanged.

Mr. Cannon raised various pretrial motions including Motions to Suppress wiretaps, evidence seized from the Defendant's automobile, and search warrants for his residences. (ECF No. 905.) This Court denied each of these motions. (ECF No, 905.) In its Memorandum Opinion denying Mr. Cannon's motion to suppress evidence seized from his automobile, this Court noted its disagreement with the Government's argument that officers had developed independent probable cause on the scene to justify a vehicle search. (ECF No. 905 at 10, 15 19.) But the Court ultimately denied the motion to suppress on the alternate ground raised by the Government that evidence gathered from a wiretap independently justified the search, despite the lack of probable cause gathered on the scene. (ECF No. 905.)

Following this Court's denial of his Motions to Suppress, Mr. Cannon pled guilty to Count One of the Second Superseding Indictment, charging violations of 21 U.S.C. § 846, and to Count One of the indictment at 15-cr-38, charging violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i). The parties' plea agreement contained an agreed-upon sentence of thirteen (13) years imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), contained drug quantity stipulations, and further stipulated that Mr. Cannon broadly waived his right to take a direct appeal from his conviction or sentence, except for an appeal from the ruling on his motion to suppress the wiretaps. (ECF No. 1051-1.) The Court accepted the plea agreement and

therefore sentenced Mr. Cannon to concurrent terms of 156 months' imprisonment at each count, followed by concurrent terms of five (5) years' supervised release at each count[2].

Mr. Cannon appealed and the Third Circuit upheld the District Court's denial of his motion to suppress the wiretaps. *United States v. Lionel Cannon*, 721 F. App'x 227, 229 (3d Cir. 2018). The Supreme Court denied Mr. Cannon's Petition for Writ of Certiorari on March 25, 2019. On March 16, 2020, Cannon filed his *pro se* Motion to Vacate under 28 U.S.C. § 2255 arguing that he was denied effective assistance of counsel under the Sixth Amendment of the Constitution at trial and on appeal[3]. (ECF No. 1028.) As clarified by his post-conviction counsel's Statement of Adoption, Mr. Cannon's Motion asserts five (5) separate claims of ineffective assistance of counsel. (ECF Nos. 1028, 1047.)  Mr. Cannon alleges ineffective assistance on the following bases: (1) that counsel did not adequately inform him of the scope of his appeal waivers in conjunction with his guilty plea; (2) that  counsel was ineffective in failing to raise on appeal the issue related to the vehicle search; (3) that counsel was ineffective in failing to challenge the government's acquisition of cell site location information (CSLI) without a warrant; (4) that counsel was ineffective in briefing the appeal; and finally (5) that counsel was ineffective in failing to raise a jurisdictional challenge to the wiretaps. The Government filed its Response opposing Mr. Cannon's Motion on September 21, 2020. (ECF No. 1051.)

---

[2] At the time of the offense conduct, Mr. Cannon was on active federal supervised release in the Northern District of Ohio. He later appeared in the Northern District of Ohio, where the court revoked his term of supervised release and sentenced him to a concurrent term of imprisonment of sixty (60) months.

[3] Mr. Cannon was represented by the same counsel in the trial court and in his direct appeal, Mr. Martin Dietz. Mr. Cannon is represented by entirely distinct counsel, Mr. Gorman, in these proceedings.

I.    <u>STANDARD OF REVIEW</u>

Section 2255 of Title 28 of the United States Code provides a means of collaterally attacking a sentence imposed after a conviction. *See United States v. Cannistraro*, 734 F. Supp. 1110, 1119 (D. N.J. 1989), *aff'd sub nom. Appeal of Cannistraro*, 919 F.2d 133 (3d Cir. 1990), and *aff'd* 919 F.2d 137 (3d Cir. 1990). Under Section 2255, a person in federal custody may move the court to vacate, set aside, or correct an otherwise final sentence if (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence was imposed in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Gordon*, 979 F. Supp. 337, 339 (E.D. Pa. 1997) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). A Section 2255 motion is "addressed to the sound discretion of the district court." *United States v. Williams*, 615 F. 2d 585, 591 (3d Cir. 1980).

A district court is required to hold an evidentiary hearing on a Motion to Vacate filed pursuant to Section 2255 unless the motion, files, and records of the case show conclusively that the movant is not entitled to relief. 28 U.S.C. § 2255(b). If the record conclusively negates the facts asserted in support of a § 2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion were true, an evidentiary hearing is not required. *See Gov't of the Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985). Here, Defense Counsel and Counsel for the United States have submitted a joint statement that neither party requests an evidentiary hearing to resolve the Defendant's Motion to Vacate.

(ECF No. 1069.) The Court agrees that there is no need for an evidentiary hearing here, as the record conclusively establishes that Mr. Cannon is not entitled to the relief sought in the petition. *See* 28 U.S.C. § 2255.

As a threshold determination, the Court finds that Mr. Cannon's Motion to Vacate was timely filed under § 2255(f)(1), which requires that a Motion to Vacate be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "[A] judgment of conviction does not become 'final' within the meaning of § 2255 until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari." *Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999). Here, the Supreme Court denied Mr. Cannon's certiorari petition on March 25, 2019, and the judgment therefore became "final" on that date. Mr. Cannon filed his Motion to Vacate on March 16, 2020. (ECF No. 1028.) Because that Motion was filed within a year of the date on which Cannon's judgment of conviction became "final," it is thus timely. *See* § 2255(f)(1). The Court concludes that Mr. Cannon's Motion is properly before it and will proceed accordingly.

## II.    DISCUSSION

The Sixth Amendment guarantees every criminal defendant "the Assistance of Counsel for his defense." U.S. Const. Amend VI. The Supreme Court has held that this guarantee requires that counsel provide "effective" assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish a claim of ineffective assistance under *Strickland*, a defendant must establish that "counsel's representation fell below an objective standard of reasonableness and that the deficient performance prejudiced the defendant." *McAleese v. Mazurkiewicz*, 1 F.3d 159, 166 (3d Cir. 1993) (citing *Strickland*, 466 U.S. at 687-688).

The *Strickland* analysis therefore proceeds in two (2) parts. First, the Court asks whether counsel's representation was deficient, that is falling "below an objective standard of reasonableness." *Id.* at 688. The challenger's burden on this question "is to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Ross v. Dist. Att'y of the Cnty. Of Allegh.*, 672 F.3d 198, 210 (3d Cir. 2012) (quoting *Harrington v. Richter*, 562 U.S. 86, 104 (2011)). In assessing counsel's performance, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 668. However, the *Strickland* Court also made clear that courts should not second-guess defense counsel's decisions. *Id.* at 689. To the contrary, *Strickland* directs that a court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and judge the reasonableness of counsel's conduct "on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

Second, the Court asks whether the defendant suffered any prejudice as a result of counsel's deficient performance. *See id.* at 693. ("Even if a defendant shows that particular errors of counsel were unreasonable . . . the defendant must show that they actually had an adverse effect on the defense.") The "reasonable probability" standard is applied in making that assessment and is defined as a probability that is "sufficient to undermine confidence in the outcome." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001). To obtain relief under the *Strickland* standard, the petitioner must establish both deficient performance and prejudice. *See Buehl v. Vaughn*, 166 F.3d 163, 169 (3d Cir. 1999). When a petitioner's claim fails on one prong, the court need not examine the other. *See Mathias v. Superintendent Frackville SCI*, 876 F.3d 462, 477 (3d Cir. 2017).

Here, the Court concludes that Mr. Cannon has failed to establish that he received ineffective assistance of counsel either in this Court or on appeal. First, Mr. Cannon has failed to establish that his counsel performed deficiently in advising Mr. Cannon of scope of the appellate waivers in the plea agreement. The record instead shows that counsel provided Mr. Cannon with detailed information about that agreement, including thorough descriptions of the appellate waivers' scope. The Court also finds that Mr. Cannon has failed to establish that counsel performed deficiently in choosing not to raise challenges to the Government's collection of CSLI or the wiretap jurisdiction, because those challenges would have been meritless.

Mr. Cannon has similarly failed to establish that counsel performed deficiently by failing to raise a claim related to the vehicle search on appeal, because it was a reasonable strategic decision to not raise a meritless claim that the plea agreement precluded. And finally, Mr. Cannon has failed establish that he has suffered any prejudice from his appellate counsel's performance in briefing the appeal, even if that performance were deficient. Thus, Mr. Cannon has failed to establish both prongs of a *Strickland* claim for his ineffective assistance of trial and appellate counsel claims. The Court will address each separate claim of ineffective assistance of counsel in turn below.

A.  Ineffective Assistance for Failure to Advise as to the Scope of Appeal Waivers

First, Mr. Cannon argues that his counsel acted deficiently by failing to inform him of the scope of the waivers of appeal rights in the conditional guilty plea. Under *Padilla v. Kentucky*, defense counsel has a "critical obligation . . . to advise the client of the advantages and disadvantages of a plea agreement." 559 U.S. 356, 370 (2010). A failure to do so would "clearly satisfy the first prong of the *Strickland* analysis." *Id.* The test for determining a guilty plea's validity asks whether that plea represents a voluntary and intelligent choice among the

alternative courses of action open to a defendant. *Hill v. Lockhart,* 474 U.S. 52, 56 (1985). Where a defendant is represented by counsel and enters a guilty plea upon counsel's advice, the plea's voluntariness depends on whether counsel's advice fell within the range of competence demanded of attorneys in criminal cases. *McMann v. Richardson*, 397 U.S. 759, 771.

The two-part *Strickland* test therefore applies to challenges to guilty pleas based on ineffective assistance of counsel, requiring a defendant to show both constitutionally deficient performance and prejudice. The prejudice inquiry in this context "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process," asking whether there is a reasonable probability that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.* at 59. The Third Circuit has also held that any prejudice that does result from counsel's alleged errors regarding sentencing can be cured – and the plea rendered not involuntary – by the sentencing Court's administration of a thorough plea colloquy. *United States v. Cormier*, 758 F. App'x 269, 276 (3d Cir. 2018).

Here, Mr. Cannon alleges that his counsel acted deficiently by failing to inform him that the conditional plea agreement would generally preclude him from appealing the denial of his motions to suppress, allowing only an appeal of the denial of the motion to suppress the wiretaps. (ECF No. 1047.) Based on the record before it, the Court finds that this argument lacks merit. First, the plea agreement itself states that Mr. Cannon "waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742." (ECF 1051-1, at 3-4.) As the single merits exception to that waiver, the agreement clearly states that Mr. Cannon may take a direct appeal "limited to the following issue: Judge Hornak's denial of defendant's Motion to Suppress Wiretaps, as set forth in Judge Hornak's Memorandum Order, dated April 21, 2017." (ECF 1051-1, at 3-4.) In reserving Mr. Cannon's right to appeal that single tightly

defined issue, this paragraph specifically notes that the reservation "does not include the right to raise issues other than those specified, including any other rulings" in the same Memorandum Order. *Id.* By signing this agreement, Mr. Cannon certified that he had received the agreement from his attorney, "read and discussed it with him," and thereby accepted it and acknowledged it as fully set forth plea agreement. (ECF No. 1051-1, at 6.)

Second, a letter counsel sent to Mr. Cannon advising him about two (2) previous plea offers contextualizes Mr. Dietz's later communication with Mr. Cannon about the plea offer that he ultimately accepted. (ECF Nos. 1051-2, 1051-3.) In that letter, Mr. Dietz advises Mr. Cannon that the Government has offered him a choice between two (2) offers, one that would preserve Mr. Cannon's ability to appeal any suppression motion denials, and one that would not. (ECF No. 1051-2, at 4.) The letter also provides a detail analysis of the relevant considerations for the Defendant in deciding whether to accept either offer, including the substantial evidence of the Defendant's guilt, his designation as a "Career Offender," and the evidence, potential penalties, and Sentencing Guideline calculations related to the initial and second superseding indictments. (ECF No. 1051-2, at 1-3.)

Following the suppression hearing and entry of the Court's Memorandum Order denying all of the Defendant's Motions to Suppress, counsel sent Mr. Cannon a follow-up letter enclosing a copy of that Order and memorializing a discussion he had with Defendant Cannon on that same day. (ECF No. 1051-3). This second letter included the terms of a new plea agreement which the Government and Attorney Dietz had negotiated to consider the Court's denial of the Defendant's Suppression Motions. The letter described the new plea offer as improving upon the prior offer option which would not have allowed appeal of any of the Suppression Motions, noting that in contrast, the new plea "would permit you to appeal the denial *of the motion to suppress the*

*wiretaps*." (ECF No. 1051-3, at 1) (emphasis added). Thus, in the context of the prior offer's terms, Mr. Dietz's second letter made clear that the new plea offer would allow an appeal *only* of the denial of the motions to suppress the wiretaps. And the detailed communications and advice communicated in both letters undercut the Defendant's claim that Mr. Dietz did not advise him about the scope of the plea agreement's appellate waivers.

Furthermore, the Court's administration of a thorough plea colloquy cured any prejudice that could have potentially resulted from counsel's alleged errors. The Third Circuit has held that even where defendant's counsel allegedly made misrepresentations to his client regarding sentencing calculations, those misrepresentations can be "dispelled when [defendant] was informed in open court that there was no guarantee as to the sentence, and that the court could sentence him to the maximum." *United States v. Mustafa*, 238 F.3d 485, 492 (3d Cir. 2001). Here, the Court finds that even if Mr. Dietz had misrepresented the scope of the plea agreement's appellate waivers before the change of plea proceeding, the Court dispelled any prejudice from misrepresentations by administering a thorough colloquy at that proceeding. The Plea Hearing Transcript affirms that the Court confirmed that the Defendant was competent to enter a guilty plea, that the Defendant was satisfied with his counsel's performance, that Mr. Dietz had reviewed the plea with Mr. Cannon, and that Mr. Cannon had personally read the agreement. (ECF No. 929, at 5-8, 20-21.) A review of the transcript confirms that Mr. Cannon affirmed that he had personally read the plea agreement and reviewed it with counsel, and that by signing it, he was agreeing to all of its terms. (ECF No. 929, at 20-21). The transcript further confirms that the breadth of the plea agreement's appellate waivers, and the very limited exceptions to them, were reviewed with precision, *id.* at 23-25, that Mr. Cannon acknowledged under oath that the explanation of those terms was both complete and accurate and that Mr. Cannon agreed with the

explanation, *id.* at 26-29, and that the limitation on the scope of any appeal related to his suppression motions was confirmed to Mr. Cannon on the record. *Id*. at 31-33. This is the kind of "thorough and searching" Court colloquy that the Third Circuit has held remedies any prejudice caused by prior misrepresentations by counsel as to a plea agreement's content. *Mustafa*, 238 F.3d at 491.

In sum, the Court finds that record shows that Mr. Dietz adequately communicated the plea agreement's terms, including the scope of the appellate waivers. The Court also concludes that even if any misrepresentations had occurred, the Court's subsequent thorough plea colloquy would have cured any prejudice that resulted. The Court therefore concludes that Mr. Cannon has not established that his counsel provided ineffective assistance in communicating the plea offer's terms. To the contrary, the record confirms that Mr. Cannon's plea was knowing, voluntary, and intelligent.

### B.  Ineffective Assistance for Failing to Challenge the Government's CSLI Acquisition

Mr. Cannon similarly alleges that trial counsel was ineffective for failing to challenge the Government's warrantless acquisition of his CSLI under *Carpenter v. United States*, 138 S. Ct. 2206 (2018). The Court finds that claim is unpersuasive because the record shows that the Government did in fact have a warrant to obtain the CSLI. (ECF No. 1051-6).[4] The Magistrate Judge issued a warrant and order authorizing the Government's continued acquisition of telephone records and physical location data relating to Cannon's cell phone number. (ECF No.

---

[4] The Government also argues that counsel would not have been ineffective for failing to raise this claim because *Carpenter* had not yet been decided at the time. *See Gov't of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). Because there was a warrant for the CSLI in question, the Government's acquisition of that data would not have violated *Carpenter's* prohibition on the Government's warrantless gathering of CSLI regardless. It is thus unnecessary to decide whether counsel performed deficiently by failing to anticipate the *Carpenter* holding.

1051-6.)[5] This warrant was in effect at the time of Mr. Cannon's travel to California on August 14-16, 2014 when Los Angeles Drug Enforcement Agency (DEA) and High Intensity Drug Trafficking Areas (HIDTA) teams tracked his movements. Although the HIDTA team did track Mr. Cannon's movements in part through CSLI data from his cell phone, it did so under the authorization of warrants and orders extended by a federal Magistrate Judge. The Third Circuit has held that there can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument. *United States v. Sanders*, 165 F.2d 248, 253 (3d Cir. 1999.) Mr. Cannon's counsel was therefore not ineffective for omitting a meritless challenge to the Government's CSLI collection. Because Mr. Cannon has not established that any deficient performance occurred, the Court need not and will not consider whether he was prejudiced by counsel's actions. *Strickland*, 466 U.S. at 700.

C.    Ineffective Assistance for Omitting a Jurisdictional Challenge to the Wiretaps

Mr. Cannon also argues that his counsel was ineffective in failing to raise a jurisdictional challenge to the wiretaps. The Court finds that counsel's omission of this argument similarly does not constitute ineffective assistance because the claim lacked merit. Jurisdiction for a wiretap is appropriate in the location of the "listening post." *United States v. Jackson*, 49 F.3d 540, 551 (3d Cir. 2017). Here, the "listening post" was located in the FBI wiretap room in Pittsburgh, Pennsylvania; as a result, the Western District of Pennsylvania had jurisdiction over the wiretap. *Id.* Mr. Cannon's counsel was therefore not ineffective for failing to raise a meritless claim. *Sanders*, 165 F.3d at 253. And because Mr. Cannon has not established that his counsel

---

[5] This warrant and order extended prior orders issued by a United States District Judge and the Magistrate Judge who had previously authorized the Government's acquisition of telephone records and physical location data relating to Mr. Cannon's cell phone number. (ECF Nos. 1051-4, 1051-5.)

was deficient for omitting this claim, the Court need not consider whether the Defendant was prejudiced by counsel's actions. *Strickland*, 466 U.S. at 700.

   D.   Ineffective Assistance for Omitting the Vehicle Search on Appeal

   Mr. Cannon also alleges that he received ineffective assistance of counsel on appeal. Due process entitles a criminal defendant to the effective assistance of counsel on his first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). The two-prong *Strickland* standard applies to a defendant's claim that his appellate counsel was ineffective. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *United States v. Mannino*, 212 F.3d 835, 840 n. 4 (3d Cir. 2000) (citations omitted). The deficient performance prong remains constant, requiring a showing that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. When assessing counsel's failure to raise a claim or argument on appeal, a lawyer performs deficiently under *Strickland* only if there is ". . . no rational basis to believe that counsel's failure to argue the . . . issue on appeal was a strategic choice." *Richardson v. Superintendent Coal Twp., SCI*, 905 F.3d 750, 763 (3d. Cir. 2018) (quoting *Mannino*, 212 F. 3d at 844). Furthermore, attorneys "need not, and should not, raise every . . . claim but rather may select among them in order to maximize the likelihood of success on appeal." *United States v. Turner*, 677 F.3d 570, 577 (3d Cir. 2012) (quoting *Showers v. Beard*, 635 F.3d 625, 634 (3d Cir. 2011).To establish prejudice for an appellate *Strickland* claim, a defendant must show that there is "a reasonable probability" that on appeal, he would have prevailed had counsel's performance satisfied constitutional requirements. *Id*. at 694–95.

   Mr. Cannon first argues that his counsel acted deficiently on appeal by failing to raise the issue of "the search of his vehicle." (ECF No. 1047, at 3.) Mr. Cannon's current counsel notes that Mr. Dietz appears to have told Mr. Cannon "that he did not raise on appeal the issue of the

vehicle search separately from the issue of the legal sufficiency of the wiretaps because he believed the former to be 'based on' the latter." (ECF No. 1047, at 1; 1028-1.) But the plea agreement – to which Mr. Cannon voluntarily agreed– specifically precluded the appeal of any issue except for the District Court's denial of the Motion to Suppress the wiretaps. (ECF No. 1051-1.) This stipulation provides at least the required "rational basis" to establish that the choice to omit this issue was strategic. In fact, any reasonable appellate attorney would abide by the express terms of the plea agreement, which precluded appeal on these grounds. Mr. Cannon's counsel therefore acted reasonably by raising on appeal the single issue that the plea agreement permitted and omitting other, precluded claims. Because Mr. Cannon has not established deficient performance as to this claim, the Court will not consider whether he was prejudiced by counsel's actions[6]. *Strickland*, 466 U.S. at 700.

E.   Ineffective Assistance as to Briefing the Appeal

Finally, Mr. Cannon argues that his prior counsel was ineffective in briefing his appeal. (ECF No. 1047, at 4-5.) Mr. Cannon supports this claim by citing to the Third Circuit's Opinion affirming his conviction and which discussed the deficiencies of his brief on appeal. That Opinion noted that the Defendant's appellate brief failed to tell the court "[h]ow or where the District Court's analysis went astray," neither arguing that specific factual findings were clearly erroneous nor "addressing the merits and analysis of the District Court's opinion in any meaningful way." *Cannon*, 721 F. App'x 227 at 229. The Opinion also noted that the submission of a brief "so devoid of record citations in support of legal arguments in such a fact-bound case" was inconsistent with both Federal Rule of Appellate Procedure 18(a)(8)(A) and Third Circuit

---

[6] But the reality is that had Mr. Cannon succeeded in his appeal relative to the wiretaps, the vitality of any evidence derived from them would have then been on the table, which fundamentally undercuts any claim of prejudice.

Local Appellate Rule 28.3(c). *Id.* In its strongest language, the Court determined that Mr. Cannon's appellate brief was "not appropriate appellate advocacy, having "failed to assist [the court]" in discharging its duties. *Id.*

But although the Third Circuit's language provides some facial support for Mr. Cannon's claim that his counsel's performance was deficient, the Court need not decide that question because Mr. Cannon has not established that counsel's allegedly deficient actions caused him prejudice. Specifically, Mr. Cannon has failed to establish a reasonable probability that he would have succeeded on appeal "but-for" any alleged defective performance of appellate counsel. Mr. Cannon's counsel raised the single claim the plea agreement permitted – a challenge to the District Court's denial of his motion to suppress the wiretaps as unsupported by probable cause. (Brief for Appellant, *United States v. Lionel Cannon*, 2017 WL 4284677 (3d Cir. 2017) (Nos. 17-1985, 17-1986). In its prior Memorandum Opinion, this Court rejected that claim at trial on the basis that the wiretap was solidly supported by probable cause. (ECF No. 905, at 13.) In doing so, the Court thoroughly discussed the grounds for its decision, setting forth the conclusion that the wiretap warrants were supported by affidavits which provided multiple bases for probable cause, including well-corroborated representations from a known and reliable informant. *Id.*

This Court's conclusion is supported by the Third Circuit's reasoning in affirming the judgment in this case on appeal. The Third Circuit, after assessing the deficiencies of Mr. Cannon's brief, concluded that the District Court did not err in holding that the affidavits were supported by probable cause. *Cannon*, 721 F. App'x 227, 229. Conducting "an independent review of the record and the decision of the District Court," the Third Circuit affirmed the District Court's denial of Mr. Cannon's motion "for the reasons set forth in the District Court's

well-crafted opinion." *Id.* at 229–230. For the same reasons as set out in the Court's previous Memorandum Opinion and affirmed by the Third Circuit, the Court now concludes that the single claim raised on appeal lacked merit and would not have succeeded even if raised in a brief with adequate citations to the record, a record our Court of Appeals has independently reviewed. Mr. Cannon has therefore not established *Strickland* prejudice, because he has not shown that his appeal would have had a reasonable probability of success "but-for" any deficient performance provided in briefing the appeal. *See Smith v. Robbins*, 528 U.S. at 285.

A defendant must establish both prongs of a *Strickland* claim – deficient performance and prejudice – to succeed. *Strickland*, 466 U.S. at 700. When ruling on a Section 2255 motion, a court may address the prejudice prong first "and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced." *Rolan v. Vaughn*, 445 F.3d 671, 678 (3d Cir. 2006). The Court believes it appropriate to follow this mode of analysis there. The Court concludes that Mr. Cannon cannot meet his burden in showing that "but-for" the unartfully drafted brief, he would have prevailed on appeal. Thus, even if Counsel's performance in briefing the appeal would be found to have risen to the level of "objectively unreasonable" performance, the Court concludes that the prejudice prong has not been met and Mr. Cannon has therefore failed to establish a *Strickland* claim.

F.   Certificate of Appealability

No certificate of appealability should issue in this case. A court should issue a certificate of appealability where a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2255(c)(2). A petitioner meets this burden by showing that reasonable jurists would find the district court's assessment of the constitutional claims was debatable or wrong.

17

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that in this case, jurists of reason would not find it debatable whether Mr. Cannon states a valid claim of the denial of a constitutional right. Thus, the Court will deny the certificate of appealability.

III.    <u>CONCLUSION</u>

The Court concludes that Mr. Cannon has failed to establish an ineffective assistance claim. Based on a review of the record, the Court concludes that Mr. Cannon's counsel effectively communicated the scope of the plea agreement's appellate waivers and made informed strategic decisions not to raise meritless challenges to CSLI collection and wiretap jurisdiction. The Court also concludes that counsel similarly made an informed decision in choosing not to raise claims on appeal that the plea agreement's express terms precluded. Finally, the Court concludes that even if Mr. Cannon's counsel performed deficiently in briefing his appeal, Mr. Cannon has not established that he suffered any prejudice from such performance because his claims would not have had a reasonable likelihood of success on appeal "but-for" any deficiency. Having found no merit to Mr. Cannon's claims of ineffectiveness of counsel, Mr. Cannon's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 will be denied.

An appropriate Order will issue.

s/ Mark R. Hornak
Mark R. Hornak
Chief United States District Judge

Dated: January 15, 2021
cc:     All counsel of record